UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CONSOL PENNSYLVANIA COAL COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ANGLO MARIE LOUISE SHIPPING LIMITED, <br><br> Defendant. | Civil No. 2:25cv145 |

## ORDER

Before the Court is a Motion for Preliminary Injunction and Request for Expedited Hearing (the "Motion") (ECF No. 3) and a Memorandum in Support thereof (ECF No. 4) filed by Plaintiff Consol Pennsylvania Coal Company, LLC ("Plaintiff" or "Consol"). Defendant Anglo Marie Louise Shipping Limited ("Defendant" or "Anglo") has not yet been served under Rule 4 of the Federal Rules of Civil Procedure or responded to the Motion. For the following reasons, a ruling on the Motion is **DEFERRED**.

On March 12, 2025, Plaintiff filed a Complaint for Declaratory Judgment and Request for Injunctive Relief in this Court. Compl., ECF No. 1. Therein, Plaintiff seeks a ruling that it is not contractually bound to arbitrate the dispute at issue in Hong Kong because it is not a party to any arbitration agreement with Defendant. *Id.* at 1. It also seeks to enjoin Defendant from proceeding with arbitration. *Id.* On that same date, Plaintiff filed the instant Motion, seeking a preliminary injunction

1

which enjoins Defendant from proceeding with arbitration on its claims against Plaintiff. Mot., ECF No. 3. Therein, Plaintiff states that counsel for Defendant "has been provided with a copy of this Motion, Memorandum of Law, and Complaint for Declaratory Judgment." *Id.* at 4. However, as of the date of this Order, Defendant has still not been served in compliance with Federal Rule of Civil Procedure Rule 4.[1]

Although the case law is not entirely uniform, courts within this circuit and elsewhere point persuasively to the conclusion that service of process is a prerequisite to the issuance of an enforceable preliminary injunction. *See, e.g.*, *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir. 1999) (holding that a district court's preliminary injunction against a company was unenforceable because the district court did not obtain personal jurisdiction over the company through valid service of process); *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001) ("[U]nless the district court had personal jurisdiction over [the Defendants] *and they were served with process*, the district court could be without power to enforce an injunction against them.") (citation omitted) (emphasis added); *3M Co. v. Christian Invs. LLC*, No. 1:11cv267, 2011 WL 3678144, at *4 (E.D. Va. Aug. 19, 2011) ("[U]nder *Titanic* and *Gilchrist*, the Fourth Circuit has made clear that an injunction, including a preliminary injunction, cannot be enforced against a defendant over whom a district court has not obtained personal jurisdiction through valid service of process.").

---

[1] The docket does not reflect that a summons has yet been issued in this case; therefore, Plaintiff cannot have served Defendant as required by Rule 4 *See* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint.").

Accordingly, if Plaintiff seeks a preliminary injunction, it must first serve Defendant with the Complaint, Summons, and the Motion. Therefore, a ruling on the instant Motion (ECF No. 3) is temporarily **DEFERRED**. After Defendant is served, it **SHALL** have fourteen (14) days from the date of service to respond to the Motion. If Defendant files a response to the Motion, Plaintiff **MAY** file a reply within six (6) days after the date of that response. The Court will then take up the Motion on its merits. The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 14, 2025
Norfolk, Virginia